**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESUS ERNESTO DIAZ GALLARDO,<br><br>Petitioner,<br><br>vs.<br><br>LEONARD ODDO, et al.,<br><br>Respondents, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:26-CV-01532-MJH |

**ORDER**

Presently before the Court is Petitioner's Motion to Enforce. ECF No. 13. The parties have briefed the issues and the Court held a status conference today to address the Motion.

Petitioner's Motion to Enforce is **DENIED**. Further, based upon the fact that Petitioner is not ready to proceed to a bond hearing, the habeas relief issued by this Court on September 11, 2026 (ECF No. 8), directing that a bond hearing be held pursuant to 8 U.S.C. § 1226(a), is hereby **VACATED**. The government acknowledges that Petitioner is detained pursuant to § 1226(a). Thus, Petitioner is entitled to request a bond hearing and is therefore not in need of habeas relief at this time. Petitioner may request a bond hearing when he is prepared to proceed with said hearing. Accordingly, the bond hearing currently set for November 20, 2026 is hereby **CANCELLED**.

**IT IS FURTHER ORDERED** that habeas jurisdiction has attached for this Petitioner with this Court and therefore the Court retains jurisdiction over this matter regardless of where Petitioner is located. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Littles v. United*

*States*, No. CIV. 14-6371 NLH, 2015 WL 1608918, at *2 (D.N.J. Apr. 10, 2015) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)). Any bond hearing pursuant to § 1226(a) for this Petitioner shall occur within the Third Circuit, before an immigration judge within the jurisdiction of the Third Circuit, applying Third Circuit law and precedent.

BY THE COURT:

DATED: November 17, 2026

Marilyn J. Horan
United States District Judge